UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOSCIENCE ADVISORS, INC., <br><br>    Plaintiff, <br><br>  v. <br><br> UNITED STATES SECURITIES AND EXCHANGE COMMISSION, et al., <br><br>    Defendants. | Case No. 21-cv-00866-HSG <br><br> **ORDER STAYING DISCOVERY** <br> Re: Dkt. Nos. 47, 48, 49, 50 |

Plaintiff requests that the Court issue a scheduling order permitting discovery in this case, which involves three claims under the Administrative Procedure Act ("APA") and one claim under the Freedom of Information Act ("FOIA").

"With a few exceptions, . . . judicial review of agency action is limited to a review of the administrative record." *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986). Here, Plaintiff has not demonstrated that any of the exceptional circumstances warranting extra-record discovery on its APA claims are present. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Moreover, discovery would be premature at this stage when Defendants have not yet even filed the administrative record. *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2574 (2019) (concluding that "the District Court should not have ordered extra-record discovery when it did . . . . At that time, the most that was warranted was the order to complete the administrative record.").

Similarly, "[c]laims under [FOIA] are typically resolved without discovery on the basis of the agency's affidavits." *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011). Because the FOIA inquiry "focuses not on whether additional documents exist that might satisfy the request, but on the reasonableness of the agency's search," "courts typically dispose of [FOIA]

cases on summary judgment based on affidavits from the agency describing the search procedures that it followed before allowing the plaintiff to conduct discovery." *Id.* (citing *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980)).  Thus, it is likewise premature to permit discovery on Plaintiff's FOIA claim when Defendants have not yet submitted affidavits or argument in support of a motion for summary judgment.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("Courts routinely delay discovery until after summary judgment in [FOIA] cases.").

Accordingly, the Court **STAYS** discovery in this action until otherwise ordered.  Any discovery requests previously served need not be responded to unless and until the Court so orders.  The Court will not entertain any request to commence discovery until after Defendants have filed both the administrative record and a motion for summary judgment, including any supporting affidavits regarding the FOIA claim.  If Plaintiff seeks discovery at that point, it must make a particularized showing of good cause under the relevant legal standards, including the well-settled limitations described above.

This order terminates Docket Nos. 47, 48, 49, 50.

**IT IS SO ORDERED.**

Dated:  4/7/2022

*[Signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge